UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

RUDOLPH PEARSON,

Plaintiff,

-against-

946 BUSHWICK AVENUE LLC, 920 BUSHWICK LLC, 1075 GREENE LLC, GRJ, LLC, CORSAIR MANAGEMENT LLC, GRAHAM JONES, and MAX BURI,

Defendants.

Case No.:

**COMPLAINT**

Plaintiff, MICHAEL SANTOS, by and through Sacco & Fillas LLP, alleges the following upon information and belief:

## 1. PRELIMINARY STATEMENT

1. This is a wage and hour action brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"), and the New York Labor Law § 190, et seq. ("NYLL").

## 2. JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337, and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391.

## 3. PARTIES

4. Plaintiff was employed by Defendants at properties located at 946 Bushwick Avenue, Brooklyn, New York 11221, 920 Bushwick Avenue, Brooklyn, New York 11221, and 1075 Greene Avenue, Brooklyn, New York 11221.

5. Upon information and belief, Defendant 946 BUSHWICK AVENUE LLC is a New York limited liability company that owned, operated, managed, and/or controlled the residential

building located at 946 Bushwick Avenue, Brooklyn, New York, where Plaintiff lived during part of the relevant period.

6. Upon information and belief, Defendant 920 BUSHWICK LLC is a New York limited liability company that owned, operated, managed, and/or controlled the residential building located at 920 Bushwick Avenue, Brooklyn, New York, where Plaintiff worked during part of the relevant period.

7. Upon information and belief, Defendant 1075 GREENE LLC is a New York limited liability company that owned, operated, managed, and/or controlled the residential building located at 1075 Greene Avenue, Brooklyn, New York, where Plaintiff worked during part of the relevant period.

8. Upon information and belief, Defendant CORSAIR MANAGEMENT, LLC is a foreign limited liability company doing business in New York and serving as the management company for one or more of the foregoing buildings, including by supervising building operations, maintenance, and personnel.

9. Upon information and belief, Defendant GRJ, LLC is a real estate ownership, operation, and management company doing business in New York that owned, operated, managed, and/or controlled the subject buildings and the enterprise through which Plaintiff was employed.

10. Upon information and belief, GRJ, LLC, at all relevant times, GRJ, LLC exercised control, directly or indirectly, over the conditions of Plaintiff's employment, including the operation, maintenance, staffing, supervision, and/or payroll practices at the subject buildings, and was therefore Plaintiff's employer within the meaning of the FLSA and the NYLL.

11. Defendant Graham Jones was, upon information and belief, an owner, member, principal, officer, and/or managing agent of the entity Defendants. Graham Jones hired Plaintiff, set Plaintiff's pay, controlled Plaintiff's work schedule, directed Plaintiff's duties, and exercised the

power to control the terms and conditions of Plaintiff's employment. As such, Graham Jones was Plaintiff's employer within the meaning of the FLSA and the NYLL.

12. Defendant Max Buri was, upon information and belief, an agent, officer, manager, and/or property manager for one or more of the entity Defendants, including Corsair Management LLC. Max Buri supervised Plaintiff's work, directed Plaintiff's day-to-day duties, issued or caused Plaintiff's paychecks to be issued, and exercised control over Plaintiff's working conditions. As such, Max Buri was Plaintiff's employer within the meaning of the FLSA and the NYLL.

13. At all relevant times, Defendants acted jointly as Plaintiff's employers and as a single integrated enterprise, sharing control over Plaintiff's hiring, firing, scheduling, compensation, records, and working conditions.

14. Upon information and belief, Defendants were an enterprise engaged in commerce within the meaning of the FLSA. In the alternative, Plaintiff was individually engaged in commerce to the extent his duties regularly required him to handle interstate communications, transactions, and/or materials in connection with the operation and maintenance of Defendants' buildings.

15. Upon information and belief, at all relevant times, Defendants constituted an enterprise engaged in commerce and operated the subject properties as a unified business with common ownership, management, and control. Upon information and belief, Defendants had employees handling goods and materials that had moved in interstate commerce, including cleaning supplies, maintenance tools, hardware, appliances, replacement parts, and building materials.

16. Upon information and belief, Defendants' annual gross volume of sales made or business done was at least $500,000 during the relevant period. Defendants therefore were subject to the FLSA's enterprise coverage provisions at all relevant times.

## 4. <u>FACTUAL ALLEGATIONS</u>

17. Plaintiff was employed by Defendants from approximately December 2017 to August 2024.

18. Plaintiff's work included trash removal, cleaning, mopping, snow removal and other maintenance work at Defendants' buildings.

19. Throughout his employment, Plaintiff regularly performed substantial physical labor, including cleaning common areas, taking out garbage, making repairs, handling maintenance materials and tools, and performing other hands-on building work, and spent more than twenty-five percent (25%) of his working time performing such physical labor.

20. Plaintiff was paid approximately $800 per week in fixed salary without overtime.

21. Plaintiff regularly worked more than 40 hours in a workweek.

22. On a regular basis, Plaintiff worked overtime and worked up to approximately 66 hours per week.

23. Plaintiff is additionally owed approximately $20,000 for work performed.

24. Plaintiff worked over ten hours per day approximately six days per week.

25. On days when the spread between the beginning and end of Plaintiff's workday exceeded ten hours, Defendants did not pay Plaintiff spread-of-hours pay.

26. Defendants failed to make, keep, and preserve accurate records of Plaintiff's hours worked and wages paid.

27. Among other things, Defendants failed to maintain accurate records reflecting Plaintiff's daily and weekly hours, regular rate of pay, overtime rate, gross wages, net wages, deductions, allowances, and pay periods.

28. At the time of hiring, Defendants did not furnish Plaintiff with a proper written wage notice accurately stating, among other things, his rate or rates of pay, basis of pay, overtime rate, regular payday, and the identity and contact information of his employer or employers.

29. With Plaintiff's wages, Defendants did not furnish accurate wage statements reflecting, among other things, the dates of work covered by the payment, the hours Plaintiff worked, the applicable rates of pay, gross wages, deductions, allowances, and net wages.

30. Because Defendants did not provide a lawful wage notice at the time of hire, Plaintiff was never given the required written disclosure of the rate or rates of pay Defendants claimed applied to him, the basis on which Defendants claimed they were paying him, his overtime rate, any allowances or credits Defendants claimed against his wages, his regular payday, or the full identity of each employer responsible for paying him.

31. As a result, Plaintiff was denied the contemporaneous written information New York law requires employees to receive in order to verify whether their employer is paying them lawfully. Plaintiff could not compare the flat amounts Defendants paid him against any disclosed regular rate, overtime rate, claimed lodging or other allowance, or stated pay method, because Defendants never provided that information in writing.

32. Plaintiff was not given the written pay-period-by-pay-period information required to show the dates covered by each payment, the hours Defendants were crediting him with working, the regular and overtime rates Defendants claimed to be applying, whether Defendants were taking any credits, offsets, or deductions, and how Defendants were calculating his wages. Without that information, Defendants were able to mask the legal basis of the underpayment and make it materially harder for Plaintiff to identify, challenge, and quantify the full wage violations as they occurred..

33. Defendants likewise failed to make, keep, and furnish accurate payroll records reflecting Plaintiff's hours, rates, credits, deductions, and wages. That failure deprived Plaintiff of the employer-maintained records needed to test Defendants' pay practices against the law, to determine whether Defendants were falsely characterizing his compensation, claiming undisclosed allowances,

or omitting overtime and spread-of-hours pay, and to identify with precision the wages due for each pay period.

34. Defendants' failures to provide lawful wage notices, accurate wage statements, and accurate payroll records therefore caused Plaintiff concrete injury. Among other things, those failures deprived Plaintiff of statutorily required written pay information at the time it should have been provided, concealed the manner in which Defendants were computing and underpaying his wages, impeded his ability to promptly object to and contest the underpayments with specificity, delayed his ability to assess the full extent of Defendants' wage violations, and forced him to incur additional effort and expense to investigate and vindicate his wage rights.

35. Had Defendants provided the wage notice and wage statements the law requires, Plaintiff could have identified earlier that Defendants were paying him a fixed biweekly amount without disclosing any lawful regular rate, overtime rate, or spread-of-hours compensation, and could have challenged those practices earlier and with greater precision.

## 5. CAUSES OF ACTION

### 5.1. Violations of the Fair Labor Standards Act

36. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

37. Plaintiff consented in writing to be a party to this action pursuant to 29 U.S.C. § 216(b).

38. At all relevant times, Defendants were Plaintiff's employers within the meaning of the FLSA, 29 U.S.C. § 203(d).

39. At all relevant times, Plaintiff was an employee within the meaning of the FLSA, 29 U.S.C. § 203(e).

40. At all relevant times, Defendants constituted an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1), and/or Plaintiff was individually engaged in commerce.

41. Defendants failed to pay Plaintiff all wages required by the FLSA, including minimum wages for all hours worked and overtime wages at one and one-half times his regular rate of pay for hours worked in excess of forty (40) in a workweek.

42. Defendants knew or should have known that Plaintiff worked in excess of forty (40) hours in workweeks and that Plaintiff was not paid wages as required by the FLSA.

43. Defendants' violations of the FLSA were willful, and Defendants did not act in good faith.

44. As a result, Plaintiff is entitled to recover unpaid minimum wages, unpaid overtime compensation, liquidated damages, attorneys' fees, costs, and such other relief as provided by 29 U.S.C. § 216(b).

**5.2. <u>Violations of the New York Labor Law</u>**

45. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

46. At all relevant times, Plaintiff was employed by Defendants within the meaning of the NYLL and the supporting regulations.

47. Defendants failed to pay Plaintiff all wages due under the NYLL, including minimum wages for all hours worked and overtime wages for hours worked in excess of forty (40) in a workweek.

48. Defendants failed to pay Plaintiff overtime at the lawful rate of one and one half times the regular rate for hours worked in excess of forty (40) per week.

49. On multiple workdays during his employment, Plaintiff's spread of hours exceeded ten (10) hours.

50. To the extent Plaintiff was covered by the applicable New York wage-order provisions governing spread-of-hours pay, Defendants were required to pay Plaintiff one additional hour of pay at the applicable basic minimum hourly wage rate for each day on which Plaintiff's spread of hours exceeded ten (10) hours.

51. Defendants failed to pay Plaintiff such spread-of-hours compensation.

52. Defendants' violations of the NYLL were willful.

53. Under NYLL § 191(1)(a), a manual worker must be paid weekly and no later than seven calendar days after the end of the week in which the wages are earned, unless the employer has authorization from the Commissioner to pay less frequently. The New York Department of Labor also takes the position that workers who spend more than 25% of their time performing physical labor are manual workers. Current NYLL § 198 also now treats many regular biweekly-pay violations as giving rise to lost-interest damages, rather than automatic 100% liquidated damages, unless the statute's repeat-violator conditions are met.

54. As a result, Plaintiff is entitled to recover unpaid minimum wages, unpaid overtime wages, unpaid spread-of-hours compensation, liquidated damages, prejudgment interest, attorneys' fees, costs, and such other relief as provided by the NYLL.

### 5.3. Wage Theft Prevention Act (Wage Notice)

55. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

56. At the time of hiring, Defendants were required to provide Plaintiff with a written wage notice containing the information required by NYLL § 195(1), including, among other things, Plaintiff's rate or rates of pay, the basis thereof, any applicable overtime rate, the regular payday, the name of the employer, any assumed names used by the employer, the employer's address, and telephone number.

57. Defendants failed to provide Plaintiff with a compliant wage notice within ten (10) business days of his first day of employment, or otherwise, as required by NYLL § 195(1).

58. Defendants further failed to obtain and preserve a signed and dated acknowledgment of Plaintiff's receipt of such notice.

59. As a result of Defendants' failure to provide a compliant wage notice, Plaintiff was not properly informed in writing of the rates and basis on which his wages were to be paid.

60. Accordingly, Plaintiff is entitled to recover statutory damages, attorneys' fees, costs, and such other relief as provided by NYLL §§ 198(1-b) and 195(1).

### 5.4. Wage Theft Prevention Act (Wage Statements)

61. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

62. Defendants were required to furnish Plaintiff with accurate wage statements with each payment of wages pursuant to NYLL § 195(3).

63. Defendants failed to furnish Plaintiff with accurate wage statements with each payment of wages, or furnished wage statements that were incomplete, inaccurate, and/or failed to contain all information required by law.

64. As a result of Defendants' failure to provide accurate wage statements, Plaintiff could not readily determine from Defendants' pay documents whether he had been paid all wages due, including minimum wages and overtime wages.

65. Accordingly, Plaintiff is entitled to recover statutory damages, attorneys' fees, costs, and such other relief as provided by NYLL §§ 198(1-d) and 195(3).

## 6. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendants, jointly and severally, and grant the following relief:

A. Declaring that Defendants violated the FLSA and the NYLL

B. Awarding Plaintiff all unpaid minimum wages, if any, found to be due;

C. Awarding Plaintiff all unpaid overtime compensation due under the FLSA and the NYLL;

D. Awarding Plaintiff all unpaid spread-of-hours compensation due under the NYLL, to the extent applicable;

E. Awarding Plaintiff liquidated damages as provided by the FLSA and the NYLL;

F. Awarding Plaintiff statutory damages for Defendants' failure to provide a compliant wage notice and accurate wage statements, as provided by the NYLL;

G. Awarding Plaintiff prejudgment interest to the fullest extent permitted by law;

H. Awarding Plaintiff post-judgment interest as permitted by law;

I. Awarding Plaintiff reasonable attorneys' fees and costs of this action; and

J. Awarding such other, further, and different relief as the Court deems just and proper.

## 7. JURY TRIAL DEMAND

Plaintiff hereby demands trial by jury

Dated: April 9, 2026
Astoria, New York

Respectfully submitted,

*/s/ Clifford Tucker*
Clifford Tucker, Esq.
Sacco & Fillas LLP
31-19 Newtown Ave., 7th Floor
Astoria, New York 11102
Phone: 718-269-2243
CTucker@SaccoFillas.com

**CONSENT TO SUE**

**REQUEST TO BECOME A PARTY-PLAINTIFF**

I hereby consent to become a party plaintiff in an action to recover unpaid overtime, and other relief under the Fair Labor Standards Act and New York Labor Law. (Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)

Name/Nombre: Rudolph Pearson

Legal Representative:
**Sacco & Fillas, LLP**
3119 Newtown Ave, Seventh Floor
Astoria, NY 11102

Rudolph Pearson

Signature/Firma: Rudolph Pearson (Sep 10, 2025 21:37:04 EDT)
Rudolph Pearson

Date/Fecha: September 10, 2025